```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KAREEM HASSAN MILHOUSE,       :
                              :
        Plaintiff             :    CIVIL NO. 1:15-CV-00468
                              :
    vs.                       :
                              :
SUZANNE V. HEATH,             :    (Judge Rambo)
et al.,                       :
                              :
        Defendants            :
```

## MEMORANDUM AND ORDER

**Background**

On March 9, 2015, Plaintiff Kareem Hassan Milhouse, an inmate currently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg), filed a 5-page handwritten complaint pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1977).[1]  Along with his complaint, Milhouse

---

1. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."
    <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible
(continued...)

submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Milhouse names as Defendants the following four individual employed at USP-Lewisburg: Suzanne V. Heath, Special Investigative Agent; James Fosnot, Special Investigative Agent; David Ebbert, Warden; and Frederick, Etzel, Captain. Doc. 1. Milhouse also names five "John Does" employed at USP-Lewisburg, a "John Doe" who is alleged to be the "Head of Judicial Committee, Washington, D.C.," and Charles Samuels, Jr., Director of the Federal Bureau of Prisons. Id.

The gist of Milhouse's complaint is that he claims he is housed in a cell with another inmate, Kenneth Reid, who is a danger to him and that he "shouldn't have to be under hostile conditions with exaggerated intensity and cannot fully sleep because he is anticipating an attack."[2] Id. He alleges that he

---

1. (...continued)
federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

2. 42 U.S.C. § 1997e(h) provides that in order for an inmate to recover for emotional distress or psychological injury there has to be a prior showing of
(continued...)

became Reid's cellmate on January 5, 2015. Id. However, there are no allegations that Reid has assaulted or threatened Milhouse.[3] He merely alleges that "Reid was told that [Milhouse] [was] a 'Rat' and was a confidential informant at USP-Hazelton, therefore Kenneth Reid is uncomfortable because it appears as if he condones it and personally a 'Rat' testified at his trial" and the remaining bulk of Milhouse's complaint is a rambling, sociopolitical diatribe against prison officials with no factual allegations which give rise to a cognizable cause of action, e.g., "Prison officials is nothing more than a demagogue," (sic) "in prison (let alone society) people of African ancestry has (sic) no 'rights,' USP Lewisburg is anarchy" and "Defendant Heath has no sense of duty toward prisoners and of course her loyalties lie with the brotherhood of Lewisburg in which

---

2. (...continued)
physical injury.

3. In the complaint Milhouse does refer to being assaulted on December 18, 2014. However, the perpetrator was allegedly an inmate by the name of Lawrence Taylor and the assault on December 18, 2014, is the subject of a separate lawsuit filed by Milhouse. Milhouse v. Suzanne Heath, et al., 1:15-CV-1400 (M.D.Pa. filed July 20, 2015).

the practice of psychopolitical terrorism [is] employed[.]"  Doc. 1, at 2-3.  As relief, Milhouse requests the following: (1) transfer to a Pennsylvania state penal institution; (2) a declaration that Defendants violated his rights; (3) transfer or deportation "to the homelands of his ancestor in southern Africa;  (4) punitive damages; and (5) an award of litigation costs.

The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit).  Also, a new section was added which relates to screening complaints in prisoner actions.[4]

---

4.  Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks
>                                              (continued...)

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit . . . ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). The Supreme Court has recognized that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Roman, 904 F.2d at 194

---

4. (...continued)
   monetary relief against a defendant who is immune from such relief.

(baseless factual contentions describe scenarios clearly removed from reality). The Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton, 504 U.S. at 33.

     Even though a complaint is not frivolous it still may be dismissed under the screening provision of the PLRA if it fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6) is the basis for this type of dismissal. Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d

Cir.2009) (quoting <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir.2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Id</u>. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Ashcroft v. Iqbal</u>,___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court  "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" <u>Id</u>., 127 S.Ct. at 1965 (quoted case omitted).

In resolving the issue of whether a complaint states a viable claim, we thus "conduct a two-part

analysis." <u>Fowler</u>, <u>supra</u>, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. <u>Id</u>. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" <u>Id</u>. at 211 (quoted case omitted).

For the reasons outlined below, Milhouse's motion to proceed <u>in</u> <u>forma</u> <u>pampers</u> will be construed as a motion to proceed without full prepayment of the filing fee and granted, and the complaint will be dismissed.

**<u>Discussion</u>**

A person seeking to recover damages under "Bivens" must satisfy three requirements; he must: (1) assert that a constitutionally protected right has been violated; (2) state a cause of action sufficient to invoke the general federal question jurisdiction of the district court; and (3) demonstrate why money damages are the appropriate form of relief.  See <u>Muhammad v. Carlson</u>, 739 F.2d 122, 123-4 (3d Cir. 1984).

Milhouse claims that he is in danger of an assault and that he is anticipating an attack from inmate Reid.  He requests transfer out of the federal prison system.  Milhouse has failed to state a cognizable claim.  Although Milhouse does not mention the Cruel and Unusual Punishments Clause of the Eighth Amendment of the United States Constitution in his complaint, that amendment is the primary one which mandates that prison officials protect an inmate from being assaulted by another inmate.

Claims based upon the Cruel and Unusual Punishments Clause have both objective and subjective components.  Wilson v. Seiter,  501 U.S. 294, 298 (1991).  Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. Id. The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind".  Id.

Prison officials violate an inmate's right to be free from cruel and unusual punishment when, through intentional conduct or deliberate indifference, they subject the inmate to violence at the hands of another

prisoner. Young v. Quinlan, 960 F.2d 351, 361 (3d Cir. 1992); Colburn v. Upper Darby Township, 838 F.2d 663, 668 (3d Cir. 1988); Riley v. Jeffes, 777 F.2d 143, 149 (3d Cir. 1985). The plaintiff must prove more than that he had a fight with another inmate, Beard v. Lockhart, 716 F.2d 543, 544 (8th Cir. 1983), and mere negligent conduct that leads to serious injury of a prisoner by a prisoner does not expose a prison official to liability under § 1983. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). Therefore, when one inmate assaults another, the victim's custodian is exposed to civil rights liability only when "he knows or should have known of a sufficiently serious danger to [the] inmate." Young, 960 F.2d at 361 (emphasis in original); see Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984); Mosby v. Mabry, 697 F.2d 213, 215 (8th Cir. 1982). Liability only attaches when the officials are so indifferent to the prisoner's safety that their actions can be described as "the functional equivalent of wanting harm to come to the prisoner", McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991), or when their inaction is "so likely to produce injury that the harm can be

characterized as substantially certain to result." <u>Gullatte v. Potts</u>, 654 F.2d 1007, 1013 (5th Cir. 1981).

The complaint clearly fails to state a failure to protect claim. Milhouse has not alleged any facts from which it could be concluded that he was injured by inmate Reid. Interpreting Milhouse's allegations in a light most favorable to him, no reasonably person could conclude that the defendants were deliberately indifferent to his safety.

The complaint's allegations illustrate clearly that Milhouse did not suffer the serious hardship (the objective component) and the allegations do not demonstrate that Defendants possessed the reprehensible mental state (the subjective component) necessary to establish an Eighth Amendment violation. While Milhouse may assert that he is in danger because of the dangerous nature of his cellmate, this type of danger is speculative and not a basis for relief.

It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in

11

a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). An inmate does not have a constitutional right to choose his place of confinement, security classification, any particular housing assignment or cellmate. Id.; Montanye v. Haymes, 427 U.S. 236, 242 (1976); Moody v. Daggett, 429 U.S. 78, 88 (1976); Meachum v. Fano, 427 U.S. 215, 225 (1976); Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011); Burger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995). In Murray, the Third Circuit in addressing whether the Ninth Amendment established "a right to choose one's cellmate" noted that "courts confronted with the question . . . have held that no such right exists." 650 F.3d at 247.

In sum, a prisoner does not have a protected liberty interest in matters of classification or particular custody status, and none is provided by federal law. Hewitt v. Helms, 459 U.S. 460 (1983); Montanye, 427 U.S. at 242; Stephany v. Wagner, 835 F.2d 497 (3d Cir. 1987). An inquiry by this Court into

matters of prison administration, such as classification or custody status, would necessarily interfere with the administration's right to police its penal system. These administration determinations have consistently and correctly been left to the prison management's sound discretion. McNeil v. Latney, 382 F. Supp. 161, 162 (E.D. Va. 1974); Pope v. Williams, 426 F. Supp. 279 (E.D. Pa. 1971). Thus, "as long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye, 427 U.S. at 242.

Based upon the above legal standards, it is clear that any claims against the named defendants are subject to dismissal in that Milhouse fails to set forth any factual allegations against them in the complaint which give rise to cognizable claims. Without such factual allegations, it is impossible to conclude that

defendants have deprived Milhouse of any constitutional rights entitling him to monetary damages, and as stated above Milhouse has no entitlement to injunctive relief in the form of a transfer out of the federal prison system.  As such, the present complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as Milhouse fails to state a claim against the defendants upon which relief may be granted.  Furthermore, the complaint will be dismissed without leave to amend as it would be inequitable and futile to grant Milhouse an opportunity to do so.[5] See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

---

5.  Milhouse has a separate action relating to the alleged December 18, 2014, assault already pending in this court and has filed at least one other case along with an inmate Little where he claims entitlement to a transfer out of the federal prison system as well as requests a particular cell assignment. Little v. Mottern, et al., 1:14-CV-953 (M.D.Pa filed May 19, 2014).

1. Milhouse's motion to proceed in forma pauperis (Doc. 8) is construed as a motion to proceed without full prepayment of the filing fee and is **GRANTED..**

2. Milhouse's complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court shall **CLOSE** this case.

4. Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

                                       s/Sylvia H. Rambo
                                    United States District Judge